IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JULIE JOHNSON                                                            PLAINTIFF

v.                               Civil No. 14-3045

CAROLYN COLVIN, Commissioner
Social Security Administration                                           DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Julie Johnson, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of Social Security Administration (Commissioner) denying her

claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security

income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether

there is substantial evidence in the administrative record to support the Commissioner's decision.

*See* 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff filed her applications for DIB and SSI on June 23, 2011, and June 28, 2011,

respectively, alleging an onset date of May 31, 2010, due to diabetes, neuropathy, carpal tunnel

syndrome, De Quervain syndrome[1], neck problems, leg cramps, heart conditions, high blood

pressure, and high cholesterol.  Tr. 15, 115-127, 180, 196-199.  The Commissioner denied

Plaintiff's applications initially and on reconsideration.  Tr. 12, 51-54, 66-70.  An Administrative

---

[1] De Quervain's syndrome or tenosynovitis is a painful condition affecting the tendons on the thumb side of the
wrist.  *See* Mayo Foundation for Medical Education and Research, *De Quervain's Tenosynovitis*,
http://www.mayoclinic.org/diseases-conditions/de-quervains-tenosynovitis/basics/definition/con-20027238 (last
accessed June 12, 2015).

Law Judge ("ALJ") held an administrative hearing on December 19, 2012. Tr. 25-50. The Plaintiff was present and represented by counsel.

At the time of the hearing, the Plaintiff was 47 years old and possessed an eleventh grade education. Tr. 18, 29, 33. She had past relevant work ("PRW") experience as a fast food cook and waitress. Tr. 18, 31-32, 188-195.

On March 25, 2013, the ALJ found Plaintiff's diabetes mellitus (under good control with medical treatment) was severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14-15. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work. Tr. 15. With the assistance of a vocational expert, the ALJ then found Plaintiff could perform work as a short order cook. Tr. 19.

The Appeals Council denied review on March 4, 2014. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No. 6. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

## II.    Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a

contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the decision of the ALJ. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). The fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity only when the final stage is reached. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's step two determination that the Plaintiff's only severe impairment is her diabetes.  A "severe impairment is defined as one which 'significantly limits [the Claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)).  The impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. § 404.1508.

In the present case, the record makes clear the Plaintiff suffers from diabetes, neuropathy, hypertension, high cholesterol, and generalized anxiety disorder.  She repeatedly sought treatment in the emergency room, physicians' offices, and hospital for each of these impairments.  Doctors prescribed a variety of medications in an attempt to control her impairments, including Byetta, Lantus, Cymbalta, Tramadol, Hydrocodone, Diovan, HCTZ, Glucotrol XL, Lyrica, Lisinopril, and Flexeril.  While there have been times when her symptoms improved or at least responded well to treatment, the overall record makes clear that the Plaintiff's conditions are not fully controlled. Thus, we do not find substantial evidence to support the ALJ's determination that diabetes is her only severe impairment.

It appears that anxiety was a significant component to her disability.  Records are replete with references to anxiety and anxiety-inducted symptoms, as well as prescriptions for Xanax and Cymbalta.  A non-examining consultant determined she would have moderate limitations in her ability to do the following:  carry out detailed instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at

a consistent pace without an unreasonable number and length of rest periods, accept instructions

and respond appropriately to criticism from supervisors, respond appropriately to changes in work

setting, and set realistic goals or make plans independently of others.  Tr. 458-475.  However, the

ALJ failed to incorporate any such limitations into his RFC determination.[2]  In fact, he assessed

no mental limitations whatsoever.  Accordingly, the undersigned finds remand necessary to allow

the ALJ to reconsider the severity of the Plaintiff's anxiety.

We also take issue with the ALJ's determination that the Plaintiff's diabetes was controlled

via medication.  Although the record does reveal periods when her condition appeared to be well

controlled, the record also documents unexplained periods of uncontrolled glucose readings that

required both emergency room treatment and hospitalization.  Moreover, contrary to the

government's argument, we can find no evidence to suggest that the Plaintiff was not compliant

with her diet or medication.  The records referenced in the Commissioner's Appeal Brief are

merely notations that diet and exercise were advised.  Given the absence of statements questioning

the Plaintiff's compliance, we refuse to read anything more into these statements.

The ALJ's failure to account for the Plaintiff's neuropathy further troubles the undersigned.

The government contends there is no evidence to indicate that the Plaintiff's neuropathy interfered

with her ability to perform work-related tasks.  We disagree.  In June 2011, an emergency room

doctor noted that the Plaintiff's neuropathic pain in her legs was worsening.  Tr. 438.  In September

2011, Dr. Anandaraj Subramanium conducted a general physical examination of the Plaintiff and

noted she was unable to walk on heel and toes or squat and rise from a squatting position.  Tr. 478-

---

[2] While we do note that one-time, consultative examiner, Dr. Nancy Bunting, did not find the Plaintiff to be
particularly credible and suspected illegal drug use.  Tr. 449-454.  However, we can find no other evidence in the
record to suggest that the Plaintiff was taking drugs aside from those prescribed by her doctors.  Tr. 449-454.  There
is also no evidence to suggest the Plaintiff was abusing the medications prescribed to her, as the record contains only
one instance where the Plaintiff requested an early refill of her Xanax.

482.  Dr. Subramanium opined that the Plaintiff would have moderate limitations associated with prolonged walking and standing, among other things.

In March 2012, the Plaintiff fell.  Tr. 523.  Having been diagnosed with neuropathy and reporting weakness, records indicate the doctor at the Mountain Home Christian Clinic prescribed a cane.  Tr. 523.  Then, in August 2012, Plaintiff's treating doctor, Dr. Bethany Knight, noted she was walking with a walker.  Tr. 510.  Moreover, the record makes clear that doctors prescribed Arthrotec, Hydrocodone, Neurontin, and later Lyrica, in an attempt to combat her neuropathic symptoms.  Yet again, the ALJ failed to account for this in his opinion, concluding the Plaintiff could perform a full range of light work.  However, light work requires the ability to stand and walk for a total of six hours out of an eight-hour workday.  SOCIAL SECURITY RULING 83–10. Thus, on remand, the ALJ is directed to reconsider the Plaintiff's neuropathy and any limitations resulting therefrom.

Plaintiff has also reported that the medications prescribed sedate her.  *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (Factors to be considered include the claimant's daily activities; the duration, frequency, and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions.).  A review of the side effects of many of these medications reveals that sedation or drowsiness is common.  *See* PHYSICIAN'S DESK REFERENCE, http://www.pdr.net/ (last accessed June 12, 2015).  When taken in combination, it is reasonable to conclude that the level of sedation would likely increase.  However, the ALJ also made no account for this in his RFC assessment.  As such, on remand, the ALJ is directed to consider the side effects of Plaintiff's medications.

**V.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence

and should be reversed and remanded to the Commissioner for further consideration pursuant to

sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of June, 2015.


/s/ *Mark E. Ford*

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

7